CARL R. WILLIAMS v. THE COUNCIL OF THE NORTH CAROLINA STATE BAR; THE TENTH (10th) JUDICIAL DISTRICT BAR; WRIGHT T. DIXON, COUNCILOR; THE HONORABLE HENRY V. BARNETTE, JR., THE HONORABLE STAFFORD G. BULLOCK, THE HONORABLE GEORGE R. GREENE, THE HONORABLE JOHN H. PARKER, AND THE HONORABLE RUSSELL G. SHERRILL, III, ALL DISTRICT JUDGES; THE HONORABLE GEORGE F. BASON, CHIEF DISTRICT JUDGE; AND WILLIAM A. SMITH, JR., ATTORNEY AT LAW

No. 7910SC985

(Filed 20 May 1980)

**Attorneys at Law § 10— attorney's failure to perfect appeal—no knowledge by attorney and judges of disciplinary rule violation**

Plaintiff's allegation that defendant attorney and defendant district court judges knew that plaintiff's attorney had failed to perfect an appeal does not

support an inference that defendants had "knowledge of a clear violation of DR 1-102" which defendants should have reported to the State and District Bars pursuant to DR 1-103(A), since there are many legitimate reasons as to why an appeal may not be perfected.

APPEAL by plaintiff from *Smith (Donald I.), Judge*. Judgment entered 1 June 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 16 April 1980.

Plaintiff alleges that in an earlier case in which he was defendant, and which was decided against him, his counsel, who is not a defendant here, failed to perfect an appeal. He seeks an injunction requiring, among other things, that counsel who file motions to dismiss for failure of their opponents to perfect an appeal on time report such failure to the State and District Bars; that these Bars take appropriate action when such dismissals recur; and that District Judges inquire about the reasons for such dismissals in their courts and bar negligent attorneys from practicing. Defendants moved to dismiss for failure to state a claim upon which relief could be granted, and this motion was granted. Plaintiff appeals.

*Carl. R. Williams, plaintiff appellant, appearing pro se.*

*Attorney General Edmisten, by Special Deputy Attorney General Jacob L. Safron, for defendant appellee judges.*

*Carter G. Mackie for defendant appellee Smith.*

*H. D. Coley, Jr., for defendant appellees the State and District Bars and Dixon.*

ARNOLD, Judge.

Plaintiff alleges that in the case of *Williams v. Williams* his appeal was dismissed because his attorney failed to perfect the appeal on time, though plaintiff specifically asked that the appeal be perfected. Plaintiff seeks injunctive relief against the defendants here on the basis that defendants Smith and the District Judges "by necessity . . . had some knowledge of such events," and that their failure to act on this knowledge violated the North Carolina Code of Professional Responsibility. Plaintiff makes no allegation that defendants Dixon, the State Bar, and the District Bar even had knowledge of the failure to perfect, and as to them

his complaint clearly fails to state a claim upon which relief can be granted.

Assuming *arguendo* that a failure to comply with the Code of Professional Responsibility can be the basis for a civil action, we find that plaintiff has failed to state a claim against defendants Smith and the District Judges as well. Plaintiff relies upon DR 1-102(A)(5): "A lawyer shall not . . . [e]ngage in professional conduct that is prejudicial to the administration of justice," and DR 1-103(A): "A lawyer possessing unprivileged knowledge of a clear violation of DR 1-102 should report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation." The allegation that these defendants knew that plaintiff's attorney had failed to perfect an appeal does not, without more, support the inference that they had "knowledge of a clear violation of DR 1-102." Plaintiff makes no allegation that these defendants knew that the failure to perfect was against his wishes. There undoubtedly are a number of legitimate reasons why a perfected appeal is not the end result of every notice of appeal.

Plaintiff's action properly was dismissed.

Affirmed.

Judges HEDRICK and ERWIN concur.