266 S.E.2d 391 (1980)
Carl R. WILLIAMS
v.
The COUNCIL OF the NORTH CAROLINA STATE BAR; the Tenth (10th) Judicial District Bar; Wright T. Dixon, Councilor; the Honorable Henry V. Barnette, Jr., the Honorable Stafford G. Bullock, the Honorable George R. Greene, the Honorable John H. Parker, and the Honorable Russell G. Sherrill, III, all District Judges; the Honorable George F. Bason, Chief District Judge; and William A. Smith, Jr., Attorney at Law.
No. 7910SC985.
Court of Appeals of North Carolina.
May 20, 1980.
*392 Carl R. Williams, plaintiff-appellant, pro se.
Atty. Gen. Rufus L. Edmisten by Sp. Deputy Atty. Gen. Jacob L. Safron, Raleigh, for defendant-appellee judges.
Carter G. Mackie, Raleigh, for defendant-appellee Smith.
H. D. Coley, Jr., Raleigh, for defendants-appellees the State and District Bars and Dixon.
ARNOLD, Judge.
Plaintiff alleges that in the case of Williams v. Williams his appeal was dismissed because his attorney failed to perfect the appeal on time, though plaintiff specifically asked that the appeal be perfected. Plaintiff seeks injunctive relief against the defendants here on the basis that defendants Smith and the District Judges "by necessity. . . had some knowledge of such events," and that their failure to act on this knowledge violated the North Carolina Code of Professional Responsibility. Plaintiff makes no allegation that defendants Dixon, the State Bar, and the District Bar even had knowledge of the failure to perfect, and as to them his complaint clearly fails to state a claim upon which relief can be granted.
Assuming arguendo that a failure to comply with the Code of Professional Responsibility can be the basis for a civil action, we find that plaintiff has failed to state a claim against defendants Smith and the District Judges as well. Plaintiff relies upon DR1-102(A)(5): "A lawyer shall not. . . [e]ngage in professional conduct that is prejudicial to the administration of justice," and DR1-103(A): "A lawyer possessing unprivileged knowledge of a clear violation of DR1-102 should report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation." The allegation that these defendants knew that plaintiff's attorney had failed to perfect an appeal does not, without more, support the inference that they had "knowledge of a clear violation of DR1-102." Plaintiff makes no allegation that these defendants knew that the failure to perfect was against his wishes. There undoubtedly are a number of legitimate reasons why a perfected appeal is not the end result of every notice of appeal.
Plaintiff's action properly was dismissed.
Affirmed.
HEDRICK and ERWIN, JJ., concur.